United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EDWIN DANILO MATUTE MUNGUIA,    §
                                §
        Petitioner,             §
                                §
VS.                             §    CIVIL ACTION NO. 1:26-CV-786
                                §
TODD M. LYONS, *et al.*,         §
                                §
        Respondents.            §

## ORDER

Petitioner Edwin Danilo Matute Munguia is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' authority to arrest him without a warrant and their ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner concedes that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses his statutory arguments.  But he contends that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond.  The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)).[1]

---

[1] The Fifth Circuit recently issued a decision supportive of Petitioner's due process claims. *See Sosnava Rodriguez v. Ortega*, — F.4th —, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026).  But that decision has since been vacated. *See Sosnava Rodriguez v. Ortega*, Case No. 26-50183 (5th Cir., July 10, 2026).

1 / 2

Petitioner also alleges a violation of his rights under the Fourth Amendment, stating that before his arrest, "[n]o officer could have had probable cause to believe Petitioner was a flight risk, violating the strict standard of 8 U.S.C. § 1357(a)(2)." (Pet., Doc. 1, ¶ 95)

Under Section 1357(a)(2), a federal officer may effectuate a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]"  But for purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); *cf. Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than August 14, 2026, Petitioner Edwin Danilo Matute Munguia shall file a Statement addressing the issues raised in this Order.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on July 31, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge

2 / 2