United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWIN DANILO MATUTE MUNGUIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-786 |
| | § | |
| TODD M. LYONS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Edwin Danilo Matute Munguia filed this habeas action while detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. He contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner alleges causes of action based on statutory arguments under 8 U.S.C. §§ 1225 and 1226, on the Due Process Clause of the Fifth Amendment. Controlling caselaw precludes these claims. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (addressing statutory claims); *Rodriguez v. Vergara*, No. 26-50183, ___ F.4th ___, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (addressing procedural and substantive due process claims).

Petitioner also alleges a violation of his rights under the Fourth Amendment, stating that before his arrest, "[n]o officer could have had probable cause to believe Petitioner was a flight risk, violating the strict standard of 8 U.S.C. § 1357(a)(2)." (Pet., Doc. 1, ¶ 95) But for purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); cf. *Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670

F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine). The Court finds the reasoning in these cases persuasive, despite Petitioner's attempts to distinguish them. (*See* Statement, Doc. 5, 9-11) Thus, the Court concludes that Petitioner's claim under the Fourth Amendment fails.

The Court finds that Petitioner is not entitled to the relief that he seeks. Accordingly, it is:

**ORDERED** that Petitioner Edwin Danilo Matute Munguia's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on October 26, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge